**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| MARVIN GERMANY, #58422-037 | * | |
| Petitioner | * | |
| v | * | Civil Action No. RDB-16-3704 |
| | | (Related Crim. Case RDB-14-0580) |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |
| | *** | |

**<u>MEMORANDUM OPINION</u>**

On December 7, 2015, Marvin Germany was sentenced to seventy-two months of incarceration pursuant to his entry of a guilty plea to one count of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846.  *See United States v. Germany,* Criminal No. RDB-14-0580. Md. at ECF 405.  No appeal was filed.

On November 14, 2016, Germany filed a self-represented Motion to Vacate pursuant to 28 U.S.C. § 2255, dated November 8, 2016, raising a claim that he is entitled to a sentence reduction based on his minimal role in the crime.  He appears to base his claim on the newly amended "clarification" of §3B1.2 of the United States Sentencing Guidelines ("U.S.S.G.") Manual (Amendment 794), and contends that the Amendment should be applied retroactively in his favor.  For reasons set forth herein, the Court finds that Germany's argument in favor of retroactive application of Amendment 794 fails.

On November 1, 2015, the United States Sentencing Commission ("Commission") issued Amendment 794 to the commentary in U.S.S.G. § 3B1.2, based on its finding that minor role reductions were "applied inconsistently and more sparingly that the Commission intended."  *United States v. Quintero-Leyva,* 823 F.3d 519, 521 (9th Cir. 2016).  Because the Amendment was made retroactive by the Commission (and not the Supreme Court), it applies retroactively only on direct appeal.  *Id.* at 523-

24; *see also Fakhoury v. United States,* 2016 WL 4939226, *2 (D. Md. 2016).  Further, Amendment 794 is not among the listed Guideline Amendments that the Commission has made retroactively applicable to defendants on collateral review.  *See United States v. Hunley,* 2016 WL 4523417, *1-2 (W. D. Va. 2016).  Germany's Motion to Vacate is, therefore, denied.

In addition to the above analysis, a Certificate of Appealability ("COA") must be considered.  Unless a COA is issued, a petitioner may not appeal the Court's decision in a § 2255 proceeding.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).  In *Slack v. McDaniel,* 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a Certificate of Appealability should issue when the prisoner shows, at least, that … jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack,* 529 U.S. at 483.  Germany does not satisfy this standard, and the Court declines to issue a COA.  The denial of a COA does not preclude Germany from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission.

The Motion to Vacate shall be dismissed.  A separate Order follows.


Date:  __November 16, 2016_____          _____/s/_____
                                                                          RICHARD D. BENNETT
                                                                          UNITED STATES DISTRICT JUDGE